IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TIMOTHY PAUL BRADSHAW | § | |
| VS. | § | CIVIL ACTION NO. 1:26-cv-294 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Timothy Paul Bradshaw, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On January 19, 2024, in the 21st Judicial District Court for Lee County, Texas, Petitioner was convicted of Murder. Petitioner was sentenced to a term of ninety-nine (99) years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this petition alleging eleven grounds on which he claims he is being held in violation of the Constitution or laws of the United States.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his Petition for Writ of Habeas Corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district

court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Stiles Unit located in Beaumont, Texas. However, Petitioner was convicted and sentenced in Lee County, Texas. Pursuant to 28 U.S.C § 124, Lee County is in the Austin Division of the Western District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the Petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Petitioner complains of a conviction which occurred in the Western District of Texas and all records and witnesses involving this action may be located in the Western District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Western District of Texas, Austin Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 16th day of July, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE